United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Francisco Rodriguez Cruz, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-22888-Civ-Scola |
| | ) |
| Nayvadius DeMun Cash, Defendant. | ) |

### Order Dismissing Case and Restricting Filer

Francisco Rodriguez Cruz has applied to proceed in forma pauperis. (Mot., ECF No. 3.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **dismisses his case, with prejudice**, upon initial screening, in accordance with 28 U.S.C. § 1915(e). Further, for the reasons set forth below, the Court also **directs the Clerk** to place Rodriguez Cruz into the Court's **restricted-filer** database.

Under 28 U.S.C. § 1915(e)(2), a court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on factual allegations which are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Rodriguez Cruz is a pro se litigant. As such, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (cleaned up). While, on the one hand, "wildly implausible allegations in the complaint should not be taken to be true," at the same time, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." *Id.* In any event, when determining whether to dismiss, the allegations of a complaint are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). And, ultimately, a "dismissal for failure to state a claim under the early screening provision is no different from a dismissal under Federal Rule of Civil

Procedure 12(b)(6)": "It is on the merits and with prejudice." *White v. Lemma*, 947 F.3d 1373, 1376–77 (11th Cir. 2020) (cleaned up).

Rodriguez Cruz's complaint is, to state it charitably, incomprehensible. (Compl. at 1-2, ECF No. 1.) He brings a claim for violation of his civil rights under 42 U.S.C. § 1983 against Defendant Nayvadius DeMun Cash, whom Rodriguez Cruz identifies as a "rapper." (*Id.* at 1.) Rodriguez Cruz complains that "[t]he car belonging to Nayvadius DeMun Cash was spotted august 1 2023 between 3 32pm and 3 34pm at the intersection of biscayne Blvd and 96 street with a fully blacked out front windshield and above the limit tint for the driver and passenger window tints." (*Id.* (errors in original).) He pleads that he should be granted relief because "the person driving Nayvadius DeMun Cash[']s car showed no attachment to him." (*Id.*) Rodriguez Cruz requests as relief that the Court grant him "his girlfriend's hand in marriage." (*Id.*)[1]

Needless to say, the Court cannot grant the relief Rodriguez Cruz seeks. His allegations fail to state any viable cause of action. He attempts to bring a claim for relief that must be pleaded against a government official against a "rapper." (*Id.*) He provides no factual allegations supporting any form of relief, let alone what he requests. Frankly, his filing is more than frivolous—it is a waste of the Court's time and the Clerk's time, and it forces the Court to address this matter when other parties seeking genuine relief require the Court's attention.

This filing, and a multitude of others that Rodriguez Cruz has filed in the Southern District of Florida in the last several years alone, are thoroughly vexatious. In fact, in 2021, Judge Moore placed the Plaintiff on the restricted filer list and enjoined Rodriguez Cruz "from filing any future documents in this case (Case No. 4:20-cv-10093-KMM) without first requesting and obtaining leave of the Court." *Rodriguez Cruz v. Deputy Carreras*, Case No. 20-10093-CIV, ECF No. 78 at 2 (S.D. Fla. Feb. 25, 2021) (Moore, J.). Since Judge Moore's order restricting Rodriguez Cruz's filings in that case, Rodriguez Cruz has filed at least forty-one additional cases *in this district alone*. Therefore, the Court finds Rodriguez Cruz to be a vexatious filer whose multiple frivolous filings fully justify his placement in the Southern District of Florida's restricted filer database. *See, e.g., Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477–78 (11th Cir. 2020). And, against this backdrop, the Court has no trouble concluding that Rodriguez Cruz's complaint here is malicious.

Accordingly, the Court **dismisses** Rodriguez Cruz's complaint (**ECF No. 1**) **with prejudice**, finding any attempt to amend would be futile. Rodriguez Cruz's

---

[1] Rodriguez Cruz does not identify whether he seeks his own girlfriend's hand in marriage or Defendant DeMun Cash's girlfriend's hand. The Court cannot provide redress, regardless.

motion to proceed in forma pauperis is **denied as moot**. The Court **directs** the Clerk to **close** this case. Any other pending motions are **denied as moot**.

Further, based on Rodriguez Cruz's well-documented history of abusive litigation, the Court **directs the Clerk** to place Rodriguez Cruz on the Court's **restricted-filer list**. *See Rodriguez Cruz v. Deputy Carreras*, Case No. 20-10093-CIV, ECF No. 78 at 2 (S.D. Fla. Feb. 25, 2021) (Moore, J.); *see also Rodriguez Cruz v. Liz*, Case No. 23-22732-CIV, ECF No. 4 (S.D. Fla. Aug. 3, 2023) (Scola, J.) (striking complaint filed by Rodriguez Cruz as deficient where Rodriguez Cruz claimed he was injured by a "volunteer" at a store in Miami Beach and sought, as relief, "an appointment.").

From the date this order is entered forward, Rodriguez Cruz is **barred** from initiating any lawsuits in the Southern District of Florida unless he either (1) tenders the full filing fee required to initiate a lawsuit; (2) is represented by a licensed attorney; or (3) is granted prior leave to proceed by a judge in this district. To the extent Rodriguez Cruz files a case in another district that is then transferred to this district, the Clerk is directed to notify the judge to whom the case is assigned, in this district, of this order and Rodriguez Cruz's restricted-filer status. The Court **directs** the Clerk to provide a copy of this order to the Plaintiff via U.S. Mail.

**Done and ordered** at Miami, Florida, on August 4, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. Mail to*:
**Francisco Rodriguez Cruz**
15605 SW 295 Terrace
Homestead, FL 33033